UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

UNITED STATES OF AMERICA, )
        Plaintiff, )
v. )     Case No. 1:15-CR-112(JGM)
)     Hon. Judge Geoffrey W. Crawford
SCOTT ALBERT, )
        Defendant. )

### SECOND MOTION TO TERMINATE DEFENDANT'S SUPERVISED RELEASE TERM

NOW COMES the Defendant SCOTT ALBERT, appearing *pro se*, and respectfully motions the Court to terminate the imposed term of supervised release pursuant to 18 U.S.C. §3583(e)(1) and Fed R. Crim. P. 32.1(c)(2)(C). No hearing is sought in this matter per Fed R. Crim. P. 32.1(c)(2)(B).

## Case History

1. The Middle District of Florida sentenced me on June 27, 2005 to a term of 136 months of imprisonment followed by a lifetime term of supervised release. See Docket Entry 2-2.

2. This sentence came after I pleaded guilty to one count of Transporting Visual Depictions Involving the Use of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. §2252(a)(1) and (b)(1).

3. My supervision began on August 22, 2014, and was transferred here to the District of Vermont on August 3, 2015. See Docket Entry 1.

4. On September 6, 2019 I filed a similar motion to terminate my supervised release.

   A hearing on that motion was held on January 13, 2020. Docket Entries 8 & 10. At that hearing it was determined by this Court that my motion should be denied at that time.

5. I was instructed by this Court to continue to comply with the terms of supervised release for another year and then to re-apply for early termination after the expiration of that year.

## Incident in August

6. Although I have not committed any new crimes, there was an incident that occurred in August that may or may not constitute a violation of the conditions of my supervised release.

7. For several years, I have had the permission of my probation officer to carry a large knife on me, despite the ban on "dangerous weapons" in my judgment order.
   "The defendant shall not possess a firearm, destructive device, or any other dangerous weapon." Docket Entry 2-2, page 3.

8. My probation officer knows that I live on a 10-acre property and use that knife for foliage and other utility uses constantly. He saw no problem with my possession and use of this knife.

9. Over the summer of 2020, I had ordered an oil filter for my truck from China. This resembled a weapon and/or weapon silencer, and was flagged by U.S. Customs even though it is readily available at retailers like Walmart.

10. Due to this flag, agents from the Dept. of Homeland Security and the Dept. of Alcohol, Tobacco, and Firearms served a search warrant upon me to search my

home. During that search, a BB gun and a black powder pistol were found and left because neither of these are considered firearms under federal or state definitions of firearms.

11. During that search a small amount of marijuana was also found on my property in a storage bin that has been in my house since I moved in 18 years ago. I had long-since forgotten about it. I have not smoked marijuana at all on supervision and I have never tested positive on any drug test.

12. Despite the plant being legal to own and grow in Vermont, I am prohibited from possessing anything the FDA and Sentencing Commission designate as illicit substances. This includes marijuana. After that search, I promptly burned that marijuana in my backyard.

13. I had not gotten permission for the possession of this pistol from my probation officer in the same way I had done with the knife, and therefore my probation officer confiscated that black-powder pistol as contraband. This is allowed by Standard Condition #10. I had not told my probation officer about the marijuana because I had long-since forgotten about its existence.

14. As far as I know, no report of violation has been made regarding this incident. However, in the interest of transparency, I felt it was necessary to address this situation with this Court to avoid any implication of impropriety or indication of dishonesty.

15. Aside from this incident, there has been no other issue on my supervision that would affect this Court's opinion from last year that my supervision should be terminated with a re-urging of my request now.

## CONCLUSION

Early termination of supervised release is not granted or requested as a matter of right. However, considering this Court's order at my hearing on January 13, 2020 directing me to return with a renewed request in one year, I submit this request.

I have continued to be compliant with the conditions of my supervision and I apologized to my probation officer for my oversight regarding the black-powder pistol that he confiscated. Because there was no violation report filed upon that incident, I now re-urge my request to this Court to terminate the remainder of my supervised release.

Respectfully submitted on this 21 day of January, 2021.

*[signature]*

SCOTT ALBERT
*Pro Se* Defendant, Movant

CERTIFICATE OF SERVICE
FOR PRO SE DOCUMENTS

I, SCOTT ALBERT, do hereby certify that I have served a true and correct copy of the following document,

**SECOND MOTION TO TERMINATE DEFENDANT'S
SUPERVISED RELEASE TERM**

upon the court and the office of the United States Attorney:

**Eugenia A. Cowles , AUSA**
United States Attorney's Office
District of Vermont
P.O. Box 570
Burlington, VT 05402-0570

**Clerk of the U.S. District Court**
District of Vermont – Criminal Filings
11 Elmwood Avenue
Room 506
Burlington, VT 05401

by placing it in a sealed, postage prepaid envelope by United States Postal Mail

on the __21__ day of __January__, 2021.

_____
SCOTT ALBERT
*Pro Se* Movant