UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 5:15-cr-112 |
| ) | |
| SCOTT ALBERT, ) | |
| ) | |
| Defendant. ) | |

## ORDER TERMINATING SUPERVISED RELEASE

Defendant Scott Albert has filed a second motion for termination of supervised release. He completed his term of 136 months imposed by the Middle District of Florida in 2014. His offense was transportation of child pornography. His original sentence included a lifetime term of supervised release. Mr. Albert previously filed a motion for early termination. That motion was denied. At the hearing on January 13, 2020, I stated that I would consider a second motion after a year of compliance with conditions.

Between January 2020 and the present, Mr. Albert has largely but not completely complied with his conditions. His polygraph examination in April 2021 included truthful answers to the most important questions: no conversations with minor females, no unreported law enforcement contact, and no viewing unclothed children on the internet.

In the fall of 2020, agents from Homeland Security and ATF searched his home after he ordered an oil filter from China. (The oil filter resembled a silencer for a firearm.) The search found a small quantity of marijuana and a black powder pistol. Mr. Albert destroyed the marijuana which he explained pre-dated his incarceration and turned over the black powder weapon to his probation officer.

By all accounts, Mr. Albert leads a quiet, law-abiding life. He receives social security disability and occupies his time with woodworking. He lives with a girlfriend. His record of

compliance with conditions is good. He has not been charged with any crimes and has consistently tested negative for controlled substances, including marijuana.

18 U.S.C. sec 3583(e)(1) permits the supervising court to terminate supervision after considering the sentencing factors set out at 18 U.S.C. sec. 3553(a) with the exception of subsection 3553(a)(2)(A) (punishment). The applicable factors are:

<u>Subsection 3553(a)(1) –nature and circumstances of the offense and the history and characteristic of the defendant</u>.

The child pornography offense was very serious. It concerned the posting of child pornography videos on a Yahoo! group site. It carried a five-year mandatory minimum sentence. The sentencing judge imposed a 136-month period of incarceration. The final judgment recommended drug and alcohol treatment while defendant was incarcerated. The sentencing court also imposed lifetime supervised release.

<u>Subsection 3553(a)(2)(B) -adequate deterrence</u>.

The 136-month sentence provided a strong measure of deterrence.

<u>Subsection 3553(a)(2)(C)—protection of the public</u>.

The incarcerative sentence and the subsequent seven years of supervision, including substance abuse treatment and sex offender treatment, adequately address the issue of protection of the public.

<u>Subsection 3553(a)(2)(D)—training and treatment</u>.

Mr. Albert has received training and treatment both in prison and subsequently. He has complied with these requirements since his sentencing in 2005. He successfully completed sex offender treatment in Vermont in December 2015. There does not appear to be a need for further treatment.

2

Subsection 3553(a)(4)—sentencing guideline range.

The adjusted offense level was 35 before acceptance of responsibility. This placed the offense at the high end of federal offenses.

Subsection 3553(a)(5)—Sentencing Commission policy statements.

Section 5D1.2 of the U.S. Sentencing Commission Guidelines Manual (2018 edition) addresses the term of supervised release. The commentary includes paragraph 5 ("Early Termination and Extension) which recognizes the authority "to terminate or extend a term of supervised release" and encourages the exercise of this authority "in appropriate cases." Completion of substance abuse or alcohol treatment is identified as an example of the type of behavior which reduces the risk to the public from future crime by the defendant.

Subsection 3553(a)(6)—need to avoid unwarranted sentence disparities.

The imposition of lifetime supervised release within the District of Vermont is rare. Reducing Mr. Albert's term of supervised release to approximately 7 years (August 2014 – May 2021) is consistent with the terms of supervised release frequently imposed in this District for child pornography offenses.

Subsection 3553(a)(7) – restitution.

The judgment in this case included no restitution order.

Considered together, these factors support early termination of supervised release. Mr. Albert is living a stable, productive life. He has consistently provided clean tests for drugs and alcohol. He has met the polygraph exam requirements set by the probation officer. Since coming to Vermont, he has been involved in two contacts with law enforcement, neither leading to a conviction. One was an argument with his girlfriend in 2018 which led to state charges (unlawful restraint and interference with emergency services) that were dismissed. The other

was the search that led to the discovery of a small quantity of marijuana and the black powder pistol. Mr. Albert destroyed the marijuana and surrendered the black powder pistol to his probation officer. Neither episode was serious enough to require a violation hearing.

The court is satisfied that Mr. Albert presents a low risk of re-offense that does not justify further supervision. He has taken important steps to return to life in his community. The two incidents which appear in an otherwise clean record of compliance with conditions are minor. The statutory factors weigh in favor of early termination.

## CONCLUSION

Defendant Scott Albert's motion for early termination of supervised release is GRANTED effective June 1, 2021.

Dated at Rutland, in the District of Vermont, this 18th day of May, 2021.

Geoffrey W. Crawford, Chief Judge
U.S. District Court